# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL SNYDER,
:
    Petitioner,                              Case No. 3:09-cv-76

                                  :         District Judge Timothy S. Black
   -vs-                                         Magistrate Judge Michael J. Newman

WARDEN, Warren Correctional Institution
:
    Respondent.

## REPORT AND RECOMMENDATION

       Pursuant to 28 U.S.C. § 2254, Petitioner Samuel Snyder brings this petition for a writ of *habeas corpus*. He was convicted of four counts of rape in the Clark County Court of Common Pleas and is serving twenty-four years imprisonment in Respondent's custody. Proceeding *pro se*, Snyder pleads three grounds for relief:

    **GROUND ONE**: Plea was not made knowly [sic], voluntary [sic], nor intelligently

    **Supporting facts**: Petitioner was heavily medicated during the plea negotiation, and his plea was influence [sic] while heavily medicated, thereby rendering his plea involuntary.

    **GROUND TWO**: Ineffective Assistance of Counsel

    **Supporting facts**: Counsel was ineffective when he allowed Petitioner to plead guilty to the states [sic] charges while heavily medicated

    **GROUND THREE**: Petitioner [sic] sentence is unconstitutional pursuant to *Apprendi v. New Jersey & Blakely v. Washington*

    **Supporting facts**: Petitioner [sic] consecutive sentence is unconstitutional pursuant to *Apprendi v. New Jersey, Blakely v. Washington*, according to *State v. Foster*.

(Pet., Doc. 1, PAGEID 6-9.)

## I. Procedural History

On October 8, 1999, Snyder was indicted by the Clark County grand jury on fifteen counts of various sex offenses involving minors.[1] (Indictment, Doc. 8-1.)  With the assistance of counsel, Snyder pled guilty to four counts of rape and the other eleven counts were dropped.  (Guilty Plea Agreement, Doc. 8-3.)  On April 10, 2000, Snyder was sentenced to six years for each offense, to be served consecutively, totaling twenty-four years.  (Entry of Conviction, Doc. 8-4.)

### A.  Direct Appeal

Following sentencing, Snyder timely filed a Notice of Appeal on May 9, 2000, raising one assignment of error:

> The trial court committed reversible and prejudicial error in failing to accord the appellant a hearing on his petition to vacate and/or set aside sentence, motion for new trial, motion to set aside guilty plea and for such other appropriate and further relief on May 11, 2001 without a hearing and without making findings of fact and conclusions of law which are required under § 2953.21 et seq. O.R.C.

(Appellant's Br., Doc. 8-5, PAGEID 88.)  The Court of Appeals affirmed Snyder's conviction and sentence on December 14, 2001.  *State v. Snyder*, C.A. No. 00CA33, 2001-Ohio-7003 (Ohio Ct. App. 2d Dist. Dec. 14, 2001). (Doc. 8-7.)  Snyder did not appeal the decision to the Ohio Supreme Court.

### B.  Post-Conviction Appeal

While his direct appeal was pending, Snyder filed a petition for post- conviction relief in the trial court. (Pet. for Post-Conviction Relief, Doc. 8-8.)  On May 11, 2001, the state court denied

---

[1] Snyder was indicted on four counts of disseminating matter harmful to juveniles, one count of pandering obscenity involving a minor, five counts of pandering sexually oriented matter involving a minor, and five counts of rape.  (Indictment, Doc. 8-1.)

Snyder's petition without conducting a hearing. *State v. Snyder*, No. 99-CR-0544 (Clark Cnty. Ct. Com. Pl. May 11, 2011). (Doc. 8-10.)

Snyder then timely appealed the trial court's failure to grant him a hearing on his post-conviction relief petition. Over the next seven years, his post-conviction appeal moved back and forth between the appellate and trial courts.[2] Ultimately, the trial court denied Snyder's petition for post-conviction relief. *State v. Snyder*, No. 99-CR-0544 (Clark Cnty. Ct. Com. Pl. May 22, 2007) (Doc. 8-17.) Snyder appealed the trial court's ruling, raising the following issues:

> I. The trial court committed reversible and prejudicial error in failing to vacate defendant-appellant conviction/or set aside sentence after conducting an evidentiary hearing that was ordered by this court when crediable [sic] evidence support defendant-appellant claim that he was incompetent to enter plea of guilty when such plea was not knowingly, voluntaryly [sic], and intelligently made.
>
> II. Counsel was ineffective for failing to secure defendant-appellant constitutional rights as guaranteed by the sixth amendment of the United States Constitution, when counsel allowed defendant-appellant to plead guilty to the states charges, when counsel knew full well that defendant-appellant was incompetent to enter Plea of Guilty to the States Charges.
>
> III. Appellant's Sentence is Unconstitutional Under the Ohio and United States Constitutions Pursuant to *Apprendi v. New Jersey* (2000), 530 U.S. 466; *Blakely v. Washington* (2004), 542 U.S. 296; and *United States v. Booker* (2005, 543 U.S. 220,

---

[2]Specifically, the post-conviction appeal proceeded as follows:
  (1) on November 27, 2001, the Court of Appeals ordered the trial court to issue findings of fact and conclusions of law as required by O.R.C. § 2953.21 (Doc. 8-11);
  (2) on March 28, 2002, the trial court issued findings of fact and conclusions of law, but did not hold a hearing (Doc. 8-12);
  (3) on August 17, 2004, the Court of Appeals reversed the trial court's judgment, holding that it was an abuse an discretion to dismiss the petition without a hearing, and remanded to the trial court for a hearing (Doc. 8-16);
  (4) on May 22, 2007, the trial court conducted an evidentiary hearing and denied the petition (Doc. 8–17); and
  (5) on June 20, 2008, the Court of Appeals affirmed the trial court's denial of Snyder's petition for post-conviction relief (Doc. 8-35).

> As Interpreted by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

(Appellant's Br., Doc. 8-27, PAGEID 240, 244; Appellant's Supplemental Br., Doc. 8-29, PAGEID 262.) Reviewing Snyder's claims on the merits, the Ohio Court of Appeals affirmed the trial court's decision. *State v. Snyder*, No. 07-CA-69 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 8-35.) Snyder then timely appealed the denial of his post-conviction petition to the Ohio Supreme Court, but it declined to hear the case. *State v. Snyder*, No. 2008-1444 (Ohio Oct. 29, 2008). (Doc. 8-39.)

### C. Application to Re-Open

Additionally, on November 30, 2007, Snyder filed an untimely application to re-open his appeal, under Ohio App. R. 26(B), to assert an ineffective assistance of appellate counsel claim based on his counsel's failure to amend his appellate brief to raise an *Apprendi* issue. (Appl., Doc. 8-18.) On March 31, 2008, the Court of Appeals denied his application, determining that he failed to show good cause for his delay, and alternatively, that his argument was meritless. *State v. Snyder,* C.A. Case No. 03CA0067 (Ohio Ct. App. 2d Dist. Mar. 31, 2008). (Doc. 8-21.) Snyder appealed, but the Ohio Supreme Court declined to hear his claims. *State v. Snyder*, No. 2008-0913 (Ohio Aug. 6, 2008). (Doc. 8-25.)

### III. Analysis

### A. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court decides a federal constitutional claim on the merits, the federal habeas court must defer to the state court decision unless: (1) the state courts' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state court decision is considered "contrary to . . . clearly established Federal law," when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). To be deemed "an unreasonable application of . . . clearly established Federal law," a state court's decision must be "objectively unreasonable," not simply erroneous or incorrect. *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009*)* (citations omitted). Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by state appellate courts' review of trial court records. *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003)*.*

### B.  Ground One

In Ground One, Snyder claims that his plea was not made knowingly, voluntarily and intelligently because he was heavily medicated during the plea negotiations. Respondent argues that Snyder's claim is procedurally barred because: (1) he failed to raise the issue on direct appeal; and (2) he did not directly appeal his conviction to the Ohio Supreme Court. (Return of Writ, Doc. 8, PAGEID 49-53.)

The Sixth Circuit requires a *habeas court* to apply a three-part test, established in *Maupin v. Smith*, 785 F.2d 135*,* 138 (6th Cir. 1986), to determine whether a claim is precluded by procedural default:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . .

-5-

*Eley v. Bagley*, 604 F.3d 958, 964-65 (6th Cir. 2010) (citation omitted). To overcome procedural default, a petitioner must demonstrate "that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin*, 785 F.2d at 138.

Here, Snyder's first ground of relief is not procedurally barred. Given that his claim was premised on facts outside the record, *i.e.,* that he intentionally overdosed on his medications in jail before the plea colloquy, it could not have been completely addressed on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Further, even if Snyder should have challenged the validity of his guilty plea on direct appeal, his claim is still not procedurally barred because the Court of Appeals did not enforce the procedural rule and adjudicated the claim on the merits on post-conviction review. *Durr v. Mitchell*, 487 F.3d 423, 432-33 (6th Cir. 2007). Accordingly, the Court will review the merits of Snyder's first claim for relief.

Here, the Court of Appeals adopted the trial court's factual findings regarding Synder's claim that his guilty plea was not made knowingly, voluntarily and intelligently:

> Snyder's principal claim for relief is his averment that, because he had ingested so much Trazadone the day before his plea was taken, he did not know what he was doing when he entered the plea. He claims that he deceived the jail personnel administering the medication by slipping the pills down his sleeve shortly before drinking the cup of water so as to give the appearance that he had swallowed the pill. He also claims that he kept the Trazadone pills from the time they were first given to him and took over 20 of them on February 17, 2000-the day before his plea.
> Herzog [a nurse who works at the jail] testified that the procedure for administering medications to inmates does not allow the inmate to have control. Rather, the nurse brings the medication to the inmate at the prescribed time, watches the inmate take their pills, and then checks their mouth. Herzog testified that she personally administered Trazadone to Snyder on several occasions in this manner.
> Based upon the hearing, evidence submitted in this matter, and the surrounding facts and circumstances, the Court does not find Snyder's petition to merit relief. At the hearing, the Court had the opportunity to observe Snyder's

> appearance on the stand and manner of testifying. The Court did not find Snyder's account credible that he deceived jail nurses, hoarded up medications, and ingested a large quantity prior to his plea hearing. His account is refuted by Sue Herzog's testimony describing jail procedures for administering medications to inmates.
>
> Snyder's motion contends that he was also under the influence of prescription drug Ambien. That contention is belied by the medical records, which show he was not administered Ambien until several days after the plea hearing.
>
> In addition, the Court found Snyder incredible because he related poor to no recollection in response to several questions, but purported to have very specific recollections about taking pills. His responses also showed confusion about which hearing was in question. Some of his responses pertained to his plea hearing and others to his sentencing hearing.
>
> Snyder's credibility was further reduced because he twice admitted on cross-examination that his motivation for seeking to withdraw his guilty plea was that he received consecutive sentences instead of concurrent sentences. Dissatisfaction with the sentence imposed is not a proper basis to withdraw a guilty plea.
>
> Last, Snyder's motion is not supported by medical evidence to corroborate that even if he had ingested the purported quantity of Trazadone, it would have rendered him incapable of entering a knowing, voluntary, and intelligent plea.

*State v. Snyder*, No. 07-CA-69 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 8-35, PAGEID 303-04) (brackets added).

Not only should reviewing courts, as a general rule, defer to a trial court's credibility determinations, *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001), AEDPA mandates that a *habeas* court presume a state court's factual findings are correct. *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). Thus, without clear and convincing evidence that the trial court's findings of fact were erroneous, the Court must accept the state court's factual findings.

It is well established that a guilty plea must be knowing, voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). While a court should review the particular circumstances of each case, a state court's decision -- that a guilty plea was proper -- is presumed to be correct, unless the transcript of the plea proceeding does not adequately demonstrate that it was knowing, voluntary and intelligent. *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993).

Based on the plea transcript and the trial court's factual findings, the Ohio Court of Appeals held that Snyder's guilty plea was knowing, voluntary, and intelligent:

> In his first assignment of error, Snyder contends the trial court erred in denying his motion to withdraw his guilty pleas. Snyder argues that none of the evidence presented at the hearing refuted his claim that he was heavily medicated from prescription drugs and therefore was incompetent to enter voluntary and intelligent pleas. The State argues that nothing in Snyder's court behavior at the time he entered his plea indicated he was under the influence of a large dose of a prescription drug.
> Snyder was specifically asked by the court whether he was under the influence of any medication and Snyder denied that he was. (Plea hearing at 4.) Snyder stated he had discussed his case with his lawyer and had reviewed and understood a four-page document setting out the terms of the plea. (Plea at 5.) The trial court noted that it did not find Snyder's testimony that he took some twenty sleeping pills the day before he entered his plea credible. The court specifically found credible Nurse Herzog's testimony that the procedure for administering medication to inmates would not allow the inmate to hoard prescribed medications. The court further found Snyder's credibility reduced by his admission that his motivation for filing the motion was that he was upset at receiving consecutive sentences. The trial court was in the best position to evaluate Snyder's and Nurse Herzog's credibility. Snyder's admission that his motion was motivated by his anger at his sentences seriously undermined his credibility. We see no reason to disturb the trial court's ruling. The first assignment of error is Overruled.

*State v. Snyder*, No. 07-CA-69 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 8-35, PAGEID 304-05.)

Having reviewed the plea colloquy, the Court finds that Snyder's guilty plea was knowing, voluntary and intelligent. During the plea colloquy, Snyder explicitly denied that he was under the influence of any medication. (Plea Transcript, Doc. 8-40, PAGEID 335.) In addition, Snyder testified that he had discussed the case with his attorney and understood the document setting out the terms of his guilty plea. (*Id.* at PAGEID 336.) Moreover, at the end of the plea colloquy, the trial judge concluded that Snyder's guilty plea was knowing, voluntary and intelligent. (*Id.* at PAGEID 346.) As Snyder has failed to rebut the presumption that his plea was proper by clear and convincing evidence, the state's finding is entitled to deference. *See Stewart v. Morgan*, 232 F.

App'x 482, 490-91 (6th Cir. 2007) (concluding that the defendant's "self-serving, after-the-fact testimony that he used marijuana before entering his plea" did not constitute clear and convincing evidence to rebut the trial court's finding that his guilty plea was valid).

Therefore, it was not an unreasonable application of clearly established Supreme Court precedent for the Court of Appeals to conclude that Snyder's guilty plea was knowing, voluntary and intelligent. As Snyder has not presented any evidence to overturn the state court's factual findings, Ground One should be dismissed.

### C. Ground Two

Ground Two is closely related to Ground One. Snyder claims that his trial counsel was ineffective for allowing him to plead guilty while he was heavily medicated. Although the State contends that this claim is procedurally barred, as discussed above, this argument fails because the Court of Appeals adjudicated the claim on the merits on post-conviction review. *See Durr*, 487 F.3d at 432-33. Thus, the Court will review the Court of Appeals' decision.

In denying Snyder's ineffective assistance of counsel claim, the Court of Appeals reasoned:

> In his second assignment, Snyder contends his trial counsel was constitutionally ineffective for allowing him to plead guilty to the charges when he knew Snyder was incompetent. The resolution of this assignment is largely driven by our resolution of the first assignment. Having found that the trial court properly denied Snyder's motion because the court found Snyder not credible, we must likewise overrule Snyder's second assignment. Snyder told the court at his plea that he was satisfied with his counsel and that he went over the plea agreement with his lawyers and wanted to accept the State's offer. (Plea at 6.) Snyder was represented by experienced counsel who did not testify at the motion hearing. There is nothing in the record to support Snyder's claim that his trial counsel was ineffective. The second assignment of error is likewise Overruled.

*State v. Snyder*, No. 07-CA-69 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 8-35, PAGEID 305.)

To prevail on his ineffective assistance of counsel claim, Snyder must meet the two-part

*Strickland v. Washington* test by demonstrating that his counsel's performance was deficient and that he was prejudiced as a result. *See Strickland*, 466 U.S. 668, 687 (1984). Because there is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," to meet the "deficiency" prong, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688-90. To satisfy the "prejudice" prong in the context of guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). If the Court finds that one prong is not satisfied, then it need not analyze the second prong. *Strickland*, 466 U.S. at 700.

Although the Court of Appeals did not cite *Strickland v. Washington*, its decision is still entitled to deference as long as the result is consistent with the *Strickland* standard. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 784 (2011). Here, the Court of Appeals reasonably concluded that Snyder's ineffective assistance of counsel claim was without merit under *Strickland*. It determined that, given the lack of credible evidence that Snyder was heavily medicated during the plea hearing, there was likewise no support for Snyder's claim that his counsel was deficient for allowing him to plead guilty. Further, Snyder did not present any evidence that his counsel was aware, or should have been aware, of the fact that he allegedly overdosed on medication. Moreover, there is no indication in the plea hearing transcript that Snyder's behavior exhibited that he was heavily medicated. In contrast, Snyder represented to the court that he was not influenced by any medication, and that he was satisfied with his counsel's representation. (Plea Transcript, Doc. 8-40, PAGE ID 335-36.)

Therefore, the Court of Appeals' decision was not an unreasonable application of clearly

-10-

established Supreme Court precedent. Accordingly, Snyder is not entitled to *habeas* relief based on his claim alleged in Ground Two.

### D.  Ground Three

In Ground Three, Snyder asserts that his sentence, requiring him to serve each count consecutively, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Despite the State's contentions, Snyder's claim is not procedurally defaulted because Snyder properly raised this claim in his post-conviction petition and the Court of Appeals addressed the claim on the merits. *See Durr*, 487 F.3d at 432-33. Thus, the Court will review the Court of Appeals' decision on the merits.

The Ohio Court of Appeals held:

> In his third assignment, Snyder contends the trial court erred in imposing consecutive sentences in violation of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The State notes however that *Foster* only applied to cases which were on direct appeal when *Foster* was decided. We affirmed Snyder's conviction and sentence on December 14, 2001. See *State v. Snyder*, Clark App. No. 00-CA-0033, 2001-Ohio-7003. *Foster* was decided in 2006. We agree with the State that this assignment has no merit.

*State v. Snyder*, No. 07-CA-69 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 8-35, PAGEID 306.) While the Court of Appeals correctly noted that the holding in *State v. Foster* does not apply to Snyder's sentence because his case was not pending on direct appeal when *Foster* was issued, 845 N.E.2d at 499, the question for the Court is whether Snyder's sentence violates clearly established federal law.

Here, Snyder's claim fails because it was not unconstitutional for the trial judge to impose consecutive sentences on Snyder. Recently, the Supreme Court held that the continued use of consecutive sentences, as was customary at common law, does not violate the United States

Constitution as interpreted in the *Apprendi-Blakely* line of cases. *Oregon v. Ice*, 555 U.S. 160, 168-72 (2009).[3] Therefore, Ground Three is without merit and should be dismissed.

### III. RECOMMENDATION

It is therefore **RECOMMENDED** that Snyder's §2254 petition for a writ of *habeas corpus* be denied with prejudice and this case be terminated upon the Court's docket.

September 19, 2011                                      s/ **Michael J. Newman**
                                                        United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6thCir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[3]Moreover, Ohio trial judges continue to have authority to impose consecutive sentences after *Foster*. *State v. Elmore*, 912 N.E.2d 582, 590-91 (Ohio 2009).